UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE BELL,<br><br>            Plaintiff,<br><br>       v.<br><br>TRISTAN, et al.,<br><br>            Defendants. | CV F- 03-5210 AWI DLB P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against the Director of the California Department of

Corrections, whom he identifies as Tristan.  Plaintiff also brings action against Gail Lewis, Warden of Pleasant Valley State Prison; Correctional Lieutenant Sparkman; Correctional Sergeants Spalding and DeFrancis; and Correctional Officers McGhee, Ladd, Quezada, Fernando and Feige.  Plaintiff alleges that on September 5, 2002, when inmates were released to the exercise yard, a large group of Southern Hispanics attacked a group of Black inmates.  Plaintiff was part of the group of inmates who were attacked.  Plaintiff alleges that all defendants' efforts to stop the attack were "ineffective" and that staff was "negligent."   Later, plaintiff was found to have been a willful participant in the yard incident.  Plaintiff was subject to administrative segregation and lost good time credits as a result of the disciplinary hearing.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates' safety."  Farmer v. Brennan, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff complains of negligent conduct on the part of defendants.  Negligence does not rise to the level of deliberate indifference and therefore plaintiff's allegation fail to state a cognizable claim under the Eighth Amendment.  "Ineffective" protection does not rise to the level of a constitutional violation.

To the extent that plaintiff seeks to challenge the adjudication of the disciplinary charges finding that he was a wilful participant, plaintiff's claim is barred.  Pursuant to the rule announced in Edwards v. Balisok, 520 U.S. 641 (1997), a claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that the result of the disciplinary hearing has been

1  previously invalidated.  520 U.S. at 648; see Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997)
2  (applying Balisok to dismiss action in which a prisoner sought monetary relief based on allegations
3  that prison officials relied on false information to find him ineligible for parole).  Plaintiff's
4  allegations, if proven, would necessarily imply the invalidity of the disciplinary hearing at issue.
5  Therefore plaintiff's claim is not cognizable under § 1983 absent a demonstration that the prison
6  disciplinary proceedings were previously invalidated or set aside.  Consistent with Edwards v.
7  Balisok, plaintiff's claim is not cognizable under § 1983.

8       Finally, plaintiff brings action against two high-ranking individuals:  the Director of the
9  Department of Corrections and the Warden of Pleasant Valley State Prison.  Supervisory personnel
10 are generally not liable under section 1983 for the actions of their employees under a theory of
11 respondeat superior and, therefore, when a named defendant holds a supervisorial position, the
12 causal link between him and the claimed constitutional violation must be specifically alleged.  See
13 Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
14 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability,
15 plaintiff must allege facts indicating that supervisory defendants either: personally participated in the
16 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;
17 or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of
18 constitutional rights" and is "the moving force of the constitutional violation."'"  Hansen v. Black,
19 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Because
20 plaintiff has alleged no facts indicating supervisory liability on the part of the Director of the
21 Department of Corrections and the Warden of Pleasant Valley State Prison, this claim is dismissed.

22      In summary, the Court HEREBY RECOMMENDS that plaintiff's amended be dismissed in
23 its entirety.  In doing so, the Court does not recommend that leave to amend be granted as plaintiff
24 has already been granted the opportunity to amend the complaint and was unable to cure the
25 deficiencies.

26      These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
28

1  **days** after being served with these Findings and Recommendations, the parties may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).

7       IT IS SO ORDERED.
8       **Dated:   December 1, 2006**          /s/ **Dennis L. Beck**
   3b142a                                      UNITED STATES MAGISTRATE JUDGE